Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF FINANCE OF AMERICA STRUCTURED SECURITIES ACQUISITION TRUST 2018-HB1<br><br>Apelante<br><br><br>v.<br><br><br>SUCESIÓN DE ELENA CARABALLO ZAYAS T/C/C ELENA CARABALLO COMPUESTA POR ÁNGELO DOMÍNGUEZ CARABALLO, FULANO DE TAL Y SUTANO DE TAL COMO POSIBLES HEREDEROS DE NOMBRE DESCONOCIDO; CENTRO DE RECAUDACIONES MUNICIPALES; INTERNAL REVENUE SERVICES Y A LOS ESTADOS UNIDOS DE AMÉRICA<br><br>Apelados | KLAN202200963 | *Apelación*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Vega Baja<br><br><br><br>Caso Civil Núm.: D4CD2017-0257 (Sala 202)<br><br><br><br>Sobre:<br><br><br><br>Cobro de Dinero, Ejecución de Hipoteca |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

Rivera Pérez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de febrero de 2023.

Comparece Wilmington Savings Fund Society, FSB, as trustee of Finance of America Structured Securities Acquisition Trust 2018-HB1 (en adelante, parte apelante) y nos solicita que revoquemos la *Sentencia* dictada el 16 de marzo de 2022 y notificada el 28 de marzo de 2022 por el Tribunal de Primera Instancia, Sala Superior de Vega

Número Identificador

SEN 2023_____

Baja, (en adelante, TPI).[1] Mediante dicho dictamen, el TPI desestimó, sin perjuicio, la *Demanda* presentada por la parte apelante en contra de la Sucesión de la Sra. Elena Caraballo Zayas t/c/c Elena Caraballo, compuesta por el Sr. Ángelo Domínguez Caraballo y otros posibles herederos de nombres desconocidos (en adelante, Sucn. Caraballo Zayas), por falta de jurisdicción sobre la persona.

Por los fundamentos que expondremos, se revoca la sentencia apelada y se devuelve el caso para la continuación de los procedimientos conforme a lo aquí resuelto.

**I**

El 12 de septiembre de 2017, Finance of America Reverse, LLC, presentó una *Demanda* de cobro de dinero y ejecución de hipoteca en contra de la Sucn. Caraballo Zayas; el Centro de Recaudación de Ingresos Municipales; y los Estados Unidos de América.[2] En la demanda, dicho banco hipotecario alegó que la Sra. Caraballo Zayas había obtenido de Senior Mortgage Bankers, Inc. un préstamo hipotecario por la suma de $121,500.00, más intereses al 3.168% anual. En garantía de su repago, las partes otorgaron una escritura de constitución de hipoteca revertida sobre una propiedad en el barrio Algarrobo en el municipio de Vega Baja. Finance of America Reverse, LLC alegó en la demanda que era el dueño, por endoso, del pagaré que evidencia esta deuda. Alegó, además, que conforme a lo establecido en la Cláusula Quinta 9 (a)(i) de la escritura de constitución de hipoteca, podía requerir el pago total inmediato de todas las sumas garantizadas por la hipoteca si el deudor fallecía.[3] Habiendo la Sra. Caraballo Zayas fallecido, Finance

---

[1] Anejo 3 de la *Apelación*, págs. 39-59.
[2] Anejo 4 de la *Apelación*, págs. 60-66.
[3] La Cláusula Quinta 9 (a)(i) establece lo siguiente:
   "*Fundamentos para Acelerar la Deuda:*
   (a) Vencida y Pagadera. El Acreedor Hipotecario podrá requerir el pago total inmediato de todas las sumas garantizadas por esta hipoteca si:
   (i) un deudor muere y la propiedad no es la residencia principal de al menos un Deudor sobreviviente."

of America Reverse, LLC alegó que la deuda estaba vencida y pagadera, así como exigió el pago de $59,962.00 de principal, más los intereses, costas, gastos y honorarios de abogados pactados.

El 20 de septiembre de 2017, estando pendiente el caso ante el TPI, Puerto Rico sufrió el embate del Huracán María. Al día siguiente, el Presidente de los Estados Unidos emitió la declaración por desastre: *Puerto Rico Disaster Declaration*, FEMA-4339-DR, mediante la cual, entre otras cosas, se designaron a todos los municipios como *"Presidentially-Declared Major Disaster Area"* (PDMDA). En atención a ello, el Departamento de Desarrollo Urbano y Vivienda Federal (HUD, por sus siglas en inglés) concedió una moratoria inicial de ejecuciones de hipotecas aseguradas por la *Federal Housing Administration* (FHA) de propiedades situadas en las áreas designadas como PDMDA en el *Puerto Rico Disaster Declaration*, FEMA-4339-DR, por un periodo de noventa (90) días desde la fecha en que se emitió la declaración de desastre.[4] La moratoria inicial aplicaba al inicio de los trámites de ejecuciones hipotecarias, y en las ejecuciones hipotecarias ya en trámite. Posteriormente, el HUD anunció las siguientes extensiones a dicha moratoria inicial:

> El 20 de octubre de 2017, HUD emitió el *Mortgagee Letter 2017-15* ("Primera Extensión"), mediante el cual extendió el periodo de moratoria por noventa (90) días hasta el 19 de marzo de 2018 por el Huracán María.[5]

> El 1 de marzo de 2018, HUD emitió el *Mortgagee Letter 2018-02* ("Segunda Extensión"), mediante el cual extendió el periodo de moratoria por sesenta (60) días, hasta el 18 de mayo de 2018 por el Huracán María.[6]

> El 16 de mayo de 2018, HUD emitió el *Mortgagee Letter 2018-03* ("Tercera Extensión"), mediante el cual extendió el periodo de moratoria por noventa (90) días, hasta el 16 de agosto de 2018.[7]

---

[4] Véase, FHA *Single-Family Housing Policy Handbook* (*Handbook 4000.1*), Sec. III.A.3.c.
[5] Anejo 2 de la *Apelación*, págs. 21-23.
[6] *Íd.*, págs. 30-32.
[7] *Íd.*, págs. 33-33c.

El 15 de agosto de 2018, el HUD emitió el *Mortgagee Letter 2018-05* ("Cuarta Extensión"), mediante el cual extendió el periodo de moratoria por treinta (30) días finales, hasta el 16 de septiembre de 2018.[8]

El 14 de septiembre de 2017, la parte apelante emplazó al Centro de Recaudación de Ingresos Municipales y a los Estados Unidos de América.[9]

En lo pertinente a la controversia ante nuestra consideración, luego de varios trámites procesales, el 21 de mayo de 2018, notificada el 1 de junio de 2018, el TPI emitió *Orden* paralizando los procedimientos del caso hasta el 1 de junio de 2018, conforme a la segunda extensión del periodo de moratoria anunciada por HUD.[10]

Así las cosas, el 20 de julio de 2018, la parte apelante emplazó e interpeló a la Sucn. Caraballo Zayas mediante la publicación de un edicto.[11]

Luego de varios trámites procesales, el 15 de julio de 2019, notificada el 17 de julio de 2019, el TPI emitió *Orden*, mediante la cual les anotó la rebeldía a los codemandados y ordenó a la parte apelante proveer ciertos documentos en un término de veinte (20) días.[12] Advirtió que, de incumplir con lo ordenado, procedería a desestimar la *Demanda*.

El 12 de agosto de 2019, notificada el 16, el TPI dictó una primera *Sentencia* desestimando la *Demanda*, según había advertido previamente.[13] Lo hizo sin perjuicio, y bajo el palio de la Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2.

Inconforme con dicha determinación, la parte apelante presentó, el 21 de agosto de 2019, *Moción en Solicitud de*

---

[8] Véase, https://archives.hud.gov/news/2018/18-05ml.pdf
[9] Véase, Anejo 3 de la *Apelación*, pág. 41.
[10] Véase, Anejo 6 de la *Apelación*, págs. 108-109.
[11] Véase, Anejo 7 de la *Apelación*, págs. 110-116.
[12] Véase, Anejo 8 de la *Apelación*, págs. 117- 119. El TPI solicitó los documentos siguientes: copia de escritura de hipoteca; certificación militar de todos los demandados; certificación registral; certificado de defunción; evidencia del edicto de interpelación; y carta devuelta o cartón verde de notificación de edicto.
[13] Véase, Anejo 10 de la *Apelación*, págs. 122-124.

*Reconsideración de Sentencia,* la cual fue declarada No Ha Lugar por el TPI.[14]

Aun inconforme, dicha parte acudió ante este Tribunal de Apelaciones mediante un recurso de *Apelación.* Mediante *Sentencia* de 31 de enero de 2020 en el Caso Núm. KLAN201901410, un panel hermano de este Tribunal de Apelaciones revocó la *Sentencia* de 12 de agosto de 2019 y devolvió el caso al TPI.[15] En su dictamen, dicho foro concluyó que no se justificó la desestimación como primera sanción y que el TPI no observó el procedimiento de disciplina escalonada establecido en la Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2.

Posteriormente, el 16 de marzo de 2022, notificada el 28 de marzo de 2022, el TPI dictó la *Sentencia* apelada, mediante la cual desestimó, sin perjuicio, la *Demanda.*[16] En su dictamen, el TPI concluyó que la Sucn. Caraballo Zayas fue emplazada dentro del periodo de la moratoria concedida por HUD, por lo que el emplazamiento no tuvo efecto legal. En consecuencia, resolvió que no se había adquirido jurisdicción sobre la persona de la Sucn. Caraballo Zayas, por lo que procedía la desestimación de la demanda.

Insatisfecho con dicha determinación, la parte apelante presentó, el 6 de abril de 2022, *Urgente Moción en Solicitud de Reconsideración, Reiterando Anotación y Sentencia en Rebeldía,* la cual fue declarada No Ha Lugar por el TPI mediante *Resolución* emitida el 31 de octubre de 2022 y notificada el 1 de noviembre de 2022.[17] En su dictamen, el TPI dispuso lo siguiente:

> "HUD extendió en cuatro ocasiones la moratoria que suspendía cualquier procedimiento de ejecución de

---

[14] Véase, Anejo 11 de la *Apelación,* págs. 125-129; y Anejo 12 de la *Apelación,* pág. 130.
[15] Véase, Anejo 13 de la *Apelación,* págs. 131-144; y Anejo 14 de la *Apelación,* pág. 145-151.
[16] Véase, Anejo 3 de la *Apelación,* págs. 39-59.
[17] Véase, Anejo 2 de la *Apelación,* págs. 15-38; y Anejo 1 de la *Apelación,* págs. 1-14.

hipotecas del programa FHA para Puerto Rico y otras jurisdicciones con términos específicos en cada uno. Es decir, durante ese término quedaron suspendidos todos los procesos o trámites de ejecución de hipotecas, por lo que el Tribunal de Instancia carecía de jurisdicción para emitir ninguna determinación en ese periodo moratorio, según dispuesto de forma específica en los Mortagee Letters. **Wilmington Savings tenía la obligación de acompañar su solicitud de reconsideración con documentación que estableciera de forma fehaciente que a la fecha del emplazamiento de los referidos codemandados no le aplicaba la paralización establecida en el Mortagee Letter 2018-03 y 2018-05. En conclusión, no se presentó documento alguno que sustente que en este caso no aplicaba[n] las referidas moratorias y por ende a la fecha de los emplazamientos de los codemandados el Tribunal tuviera jurisdicción sobre estos."**[18] (énfasis suplido).

Aun inconforme, la parte apelante acudió ante nos el 1 de diciembre de 2022 mediante el presente recurso de *Apelación*, en el cual señala los errores siguientes:

**Primer Error:** Erró el Tribunal de Primera Instancia al interpretar que la moratoria condicional del Mortagee Letter 2018-03 se extendía a la hipoteca de autos y, consecuentemente, desestimar la presente causa de acción, por entender que nunca adquirió jurisdicción sobre la Sucesión de Elena Caraballo, t/c/c Elena Caraballo por haberse emplazado cuando la moratoria estaba vigente.

**Segundo Error:** Erró el Tribunal de Primera Instancia al declarar No Ha Lugar la solicitud de Reconsideración por interpretar que la documentación presentada junto a dicha Moción no era suficiente para sustentar que en este caso no aplicaba la moratoria condicional.

**Tercer Error:** Erró el Tribunal de Primera Instancia al considerar que la solicitud de Reconsideración no cumplió con las especificidades establecidas en la Regla 47 de Procedimiento Civil y, por ende, que no interrumpió el término para recurrir al Honorable Tribunal de Apelaciones.

No habiendo la parte apelada comparecido, procedemos a resolver sin contar con el beneficio de su posición.

**II**

Como mencionamos anteriormente, HUD aprobó una reglamentación, recogida en la Sección III.A.3.c del FHA *Single*

---

[18] *Íd.*, págs. 13-14.

*Family Housing Policy* (Handbook 4000.1), mediante la cual concedió una moratoria inicial de ejecuciones de hipotecas aseguradas por la FHA de propiedades situadas en las áreas designadas como PDMDA en el *Puerto Rico Disaster Declaration*, FEMA-4339-DR, por un periodo de noventa (90) días desde la fecha en que se emitió la declaración de desastre.[19] La moratoria inicial aplicaba a la presentación de acciones de ejecución de hipoteca y a procesos de ejecución de hipoteca ya en trámite. En lo pertinente, la Sección III.A.3.c del Handbook 4000.1, dispone lo siguiente:

> "c. Presidentially-Declared Major Disaster Areas
>
> i. Disaster Declarations
>
> Under the Robert T. Stafford Disaster Relief and Emergency Assistance Act, the President has authority to declare a major disaster for any area which has been affected by damage of sufficient severity and magnitude to warrant major disaster assistance. Disaster Declarations and information regarding available federal assistance for each disaster incident are posted on the Federal Emergency Management Agency's (FEMA) website.
>
> Whenever the President declares a major disaster, the Mortgagee must implement the procedures set forth in this section for each designated area that is eligible for federal disaster assistance.
>
> ii. Moratorium on Foreclosures
>
> (A) Standard
>
> FHA-insured Mortgages secured by Properties located in Presidentially-Declared Major Disaster Areas (PDMDA) will be subject to a moratorium on foreclosures following the Disaster Declaration. The foreclosure moratorium is:
>
> • effective for a 90-Day period beginning on the date of the Disaster Declaration for that area (HUD may communicate further specific guidance for extension of moratorium periods for individual disasters);
>
> • applicable to the initiation of foreclosures and foreclosures already in process; and considered an additional period of time approved by HUD for the Mortgagee to take loss mitigation action or commence foreclosure."

---

[19] Véase, Sec. III.A.3.c del *Single-Family Housing Policy Handbook* (*Handbook 4000.1*) del FHA.

El 20 de octubre de 2017, HUD emitió el *Mortgagee Letter 2017-15,* mediante el cual anunció una primera extensión a la moratoria inicial por noventa (90) días, hasta el 19 de marzo de 2018.[20] En lo pertinente, esta circular dispone lo siguiente:

> "Due to the extensive damage caused by the three above-mentioned Hurricanes, HUD is exercising its authority to provide an extension of the initial foreclosure moratorium in only those counties that the U.S. Department of Homeland Security's Federal Emergency Management Agency (FEMA) has declared to be eligible for Individual Assistance (Affected Counties) for an additional 90 days, which will be until February 21, 2018 for Hurricane Harvey, March 9, 2018 for Hurricane Irma, and March 19, 2018 for Hurricane Maria. The extension of these three initial moratoriums applies to the initiation of foreclosures and foreclosures already in process." *Mortgagee Letter 2017-15,* pág. 2.

El 1 de marzo de 2018, HUD emitió el *Mortgagee Letter 2018-02,* mediante el cual anunció una segunda extensión a la moratoria por sesenta (60) días, hasta el 18 de mayo de 2018.[21] En lo pertinente, esta circular dispone lo siguiente:

> "Due to the extensive damage caused in each of the above-mentioned PDMDAs, HUD is exercising its authority to provide an extension of the current foreclosure moratorium for an additional 60 days in only those counties that the U.S. Department of Homeland Security's Federal Emergency Management Agency (FEMA) has declared to be eligible for Individual Assistance (Affected Counties) for an additional 60 days. This extension will expire on May 18, 2018 for Hurricane Maria impacted areas and applies to the initiation of foreclosures and foreclosures already in process." *Mortgagee Letter 2018-02,* pág. 2.

El 16 de mayo de 2018, HUD emitió el *Mortgagee Letter 2018-03,* mediante el cual anunció una tercera extensión a la moratoria por noventa (90) días, hasta el 16 de agosto de 2018.[22] En lo pertinente al caso ante nuestra consideración, el *Mortgagee Letter 2018-03* dispone lo siguiente:

> "Summary of Changes
>
> HUD is extending its current Foreclosure Moratorium, expiring on May 18, 2018, for a maximum additional

---

[20] Anejo 2 de la *Apelación,* págs. 21-23.
[21] *Íd.,* págs. 30-32.
[22] *Íd.,* págs. 33-33c.

90-day period **for certain properties** impacted by Hurricane Maria in Puerto Rico and the U.S. Virgin Islands. This extension **is _only_ applicable** for FHA-insured mortgaged properties in Affected Counties in Puerto Rico and the U.S. Virgin Islands **if the Conditional Extension of the Foreclosure Moratorium requirements specified in the section below have been satisfied.**

**Conditional Extension of the Foreclosure Moratorium in Puerto Rico and the U.S. Virgin Islands.**

Due to the extensive damage in FEMA-designated Individual Assistance Areas within the PDMDAs for Hurricane Maria, HUD is exercising its authority to provide a 90-day extension of the current Foreclosure Moratorium in Affected Counties **if the mortgage was no more than 60-days past due as of the date of the Presidentially-declared Major Disaster Declaration and the Borrowers have not already been approved for Forbearances or other Loss Mitigation options.**

**The requirements for the Foreclosure Moratorium extension are as follows:**

• On or before July 18, 2018, **the Mortgagee** ["acreedor hipotecario"] **must:**

o Assess the status, condition, and habitability of the mortgaged property (e.g., by using a property inspection report, repair estimate, etc.);

o Determine the **Borrower** ["deudor o prestatario"] has not previously been approved for Forbearances or Loss Mitigation Options and communicate with the Borrower(s) to obtain information needed for the evaluation in accordance with FHA's Single-Family Policy Handbook 4000.1, Section III.A.3.c.iv and Mortgagee Letter 2018-01;

o Determine if the Borrower has unrepaired home damage and, if so, obtain the Borrower's commitment to work with the Mortgagee to develop and implement a viable plan to repair or rebuild the damaged mortgaged property, resolve the mortgage delinquency, and occupy the mortgaged property. (See Model Document, Exhibit A, for use.); and

o Have the Borrower(s) complete and execute all required documents for approved loss mitigation options.

**If the above criteria have been met, the Foreclosure Moratorium may be extended for the Borrower through August 16, 2018."** (énfasis suplido) _Mortgagee Letter 2018-03_, págs. 2-3.

Finalmente, el 15 de agosto de 2018, el HUD emitió el

_Mortgagee Letter 2018-05_, mediante el cual anunció una extensión

final a la moratoria por treinta (30) días finales, hasta el 16 de septiembre de 2018.[23] En lo pertinente, el *Mortgagee Letter 2018-05,* dispone lo siguiente:

> "Disaster Foreclosure Moratorium for Certain **FHA-**Insured Mortgages in Affected Counties in Puerto Rico and the U.S. Virgin Islands
>
> HUD is providing a 30-day foreclosure moratorium only for certain eligible FHA-insured mortgages secured by properties located in areas of Puerto Rico and the U.S. Virgin Islands that the U.S. Department of Homeland Security's Federal Emergency Management Agency (FEMA) has declared to be eligible for Individual Assistance (Affected Counties) as a result of Hurricane Maria.
>
> To be eligible for the moratorium, the lender must establish that:
>
> (1) the borrower has not defaulted after a Forbearance or other Loss Mitigation Option received after Hurricane Maria;
>
> (2) the borrower is either an owner-occupant of the mortgaged property or is developing and implementing a viable plan to repair or rebuild the damaged mortgage property and occupy the mortgaged property (See Model Document, Exhibit A, for use); and
>
> (3) the borrower is not currently in a permanent Loss Mitigation Option executed since Hurricane Maria." *Mortgagee Letter 2018-05,* pág. 4.

### III

En su recurso de *Apelación,* la parte apelante señala que el TPI erró "al interpretar que la moratoria condicional del *Mortgagee Letter 2018-03* se extendía a la hipoteca de autos y, consecuentemente, desestimar la presente causa de acción, por entender que nunca adquirió jurisdicción sobre la Sucesión de Elena Caraballo [Zayas] t/c/c Elena Caraballo por haberse emplazado cuando la moratoria estaba vigente". Señala, además, que dicho foro también erró "al declarar No Ha Lugar la solicitud de Reconsideración por interpretar que la documentación presentada junto a dicha Moción no era suficiente para sustentar que en este

---

[23] Véase, https://archives.hud.gov/news/2018/18-05ml.pdf

caso no aplicaba la moratoria condicional" y "al considerar que la solicitud de Reconsideración no cumplió con las especificidades establecidas en la Regla 47 de Procedimiento Civil y, por ende, que no interrumpió el término para recurrir al Honorable Tribunal de Apelaciones." Entendemos que los errores señalados están relacionados, por lo que procederemos a atenderlos en conjunto.

Según expusimos, el HUD extendió en cuatro (4) ocasiones el periodo de la moratoria inicial que paralizaba cualquier procedimiento de ejecución de hipotecas aseguradas por la FHA de propiedades situadas en las áreas designadas como PDMDA en el *Puerto Rico Disaster Declaration*, FEMA-4339-DR. El periodo de la primera extensión a la moratoria inicial fue del 20 de octubre de 2017 al 19 de marzo de 2018; el de la segunda, del 1 de marzo de 2018 al 18 de mayo de 2018; el de la tercera, del 16 de mayo de 2018 al 16 de agosto de 2018; y el de la cuarta, del 16 de agosto de 2018 hasta el 16 de septiembre de 2018.

Mediante el *Mortgagee Letter 2018-03*, el HUD anunció que extendió el periodo de la moratoria por tercera vez por un periodo máximo adicional de noventa (90) días para ciertas propiedades impactadas por el Huracán María en Puerto Rico. Esta extensión **solo** aplicaba a hipotecas aseguradas por la FHA de propiedades situadas en las áreas designadas como PDMDA en el *Puerto Rico Disaster Declaration*, FEMA-4339-DR que cumplieran con los requerimientos establecidos en dicho *Mortgagee Letter 2018-03*. Conforme a estos requerimientos, la concesión de esta tercera extensión estaba condicionada, en primer lugar, a que la hipoteca en cuestión no tuviera más de sesenta (60) días de mora o vencimiento a la fecha de 21 de septiembre de 2017, fecha en que el Presidente emitió el *Puerto Rico Disaster Declaration*, FEMA-4339-DR **y** a que al deudor aún no le hubiese sido aprobado alguna opción

de mitigación de perdidas.[24] Además, en segundo lugar, se requería cumplir con lo siguiente:

> **"The requirements for the Foreclosure Moratorium extension are as follows:**
>
> • On or before July 18, 2018, **the Mortgagee** ["acreedor hipotecario"] **must:**
>
> o Assess the status, condition, and habitability of the mortgaged property (e.g., by using a property inspection report, repair estimate, etc.);
>
> o Determine the **Borrower** ["deudor o prestatario"] has not previously been approved for Forbearances or Loss Mitigation Options and communicate with the Borrower(s) to obtain information needed for the evaluation in accordance with FHA's Single-Family Policy Handbook 4000.1, Section III.A.3.c.iv and Mortgagee Letter 2018-01;
>
> o Determine if the Borrower has unrepaired home damage and, if so, obtain the Borrower's commitment to work with the Mortgagee to develop and implement a viable plan to repair or rebuild the damaged mortgaged property, resolve the mortgage delinquency, and occupy the mortgaged property. (See Model Document, Exhibit A, for use.); and
>
> o Have the Borrower(s) complete and execute all required documents for approved loss mitigation options.
>
> **If the above criteria have been met, the Foreclosure Moratorium may be extended for the Borrower through August 16, 2018."** (énfasis suplido) *Mortgagee Letter 2018-03*, págs. 2-3.

En el caso ante nuestra consideración, estando en vigor la tercera extensión, la parte apelante emplazó a la Sucn. Caraballo Zayas mediante la publicación de un edicto el 20 de julio de 2018. El TPI procedió a desestimar la demanda por falta de jurisdicción sobre la persona de la Sucn. Caraballo Zayas. En su dictamen, el TPI concluyó que la parte apelante debió presentar documentación

---

[24] **"Conditional Extension of the Foreclosure Moratorium in Puerto Rico and the U.S. Virgin Islands.**
Due to the extensive damage in FEMA-designated Individual Assistance Areas within the PDMDAs for Hurricane Maria, HUD is exercising its authority to provide a 90-day extension of the current Foreclosure Moratorium in Affected Counties if the mortgage was no more than 60-days past due as of the date of the Presidentially-declared Major Disaster Declaration and the Borrowers have not already been approved for Forbearances or other Loss Mitigation options." *Mortgagee Letter 2018-03*, págs. 2-3.

acreditando que la tercera extensión de la moratoria no era de aplicación.

Analizada la determinación del dictamen apelado, encontramos que el TPI no evaluó si se daban las primeras dos (2) condiciones a las cuales estaba sujeta o condicionada la aplicación de la tercera extensión. Estas condiciones son: que la hipoteca en cuestión no tuviera más de sesenta (60) días de atraso o vencimiento a la fecha de 21 de septiembre de 2017, fecha en que el Presidente emitió el *Puerto Rico Disaster Declaration*, FEMA-4339-DR; y que al deudor aún no le hubiese sido aprobado alguna opción de mitigación de perdidas.[25] Conforme al *Mortgagee Letter 2018-03*, la aplicación de la tercera extensión de la moratoria no era automática, sino que estaba sujeta, en primer lugar, a que se dieran estas dos (2) condiciones y, en segundo lugar, a que se cumpliera con los demás requerimientos establecido en dicha circular. Por lo tanto, al TPI le correspondía llevar a cabo un análisis inicial, en el cual pasara juicio sobre la primera parte de este examen bipartita.[26]

## IV

Por los fundamentos expuestos, se revoca la *Sentencia* apelada y se devuelve el caso para la continuación de los procedimientos conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[25] **"Conditional Extension of the Foreclosure Moratorium in Puerto Rico and the U.S. Virgin Islands.**
Due to the extensive damage in FEMA-designated Individual Assistance Areas within the PDMDAs for Hurricane Maria, HUD is exercising its authority to provide a 90-day extension of the current Foreclosure Moratorium in Affected Counties if the mortgage was no more than 60-days past due as of the date of the Presidentially-declared Major Disaster Declaration and the Borrowers have not already been approved for Forbearances or other Loss Mitigation options." *Mortgagee Letter 2018-03*, págs. 2-3.

[26] En su análisis, el TPI deberá tomar en consideración que el préstamo o crédito hipotecario objeto del presente caso es una hipoteca revertida.